# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BLAKE YOUNG,
    Appellant,

    v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
NY-0752-17-0024-I-1

DATE: August 26, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Blake Young, White Plains, New York, pro se.

David S. Friedman, Esquire, New York, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his placement in an off-duty status without pay for less than 14 days. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  We FORWARD to the New York Field Office for docketing as a new appeal the appellant's claim that he has been suspended for more than 14 days since the time that he filed this appeal.

## BACKGROUND

¶2     The appellant holds a City Carrier position at the agency's Port Chester Post Office in Port Chester, New York.  Initial Appeal File (IAF), Tab 11 at 16. On October 18, 2016, the appellant failed to complete a scheduled medical examination that was necessary to be certified to drive the agency's new postal vehicles.  *Id.* at 18-22.  After an alleged confrontation between the appellant and the Postmaster partly concerning his failure to complete the medical examination, the Postmaster placed him in an emergency off-duty status without pay effective October 20, 2016, until further notice.  *Id.* at 16-18.

¶3     On October 25, 2016, the appellant filed a Board appeal of his placement in an emergency off-duty status without pay.  IAF, Tab 1 at 6-7, 14-17.  He disputed the agency's reasons for placing him in such status and raised claims of harmful procedural error and discrimination.  *Id.* at 14-16.  In a letter dated October 27,

2016, the agency notified the appellant that he had been rescheduled for a medical examination on November 1, 2016, and that he was obligated to complete it. IAF, Tab 11 at 15.

¶4        In an Order to Show Cause, the administrative judge informed the appellant that jurisdiction was an issue in his appeal because it appeared that he had been placed in an off-duty status without pay for less than 14 days, which is not an appealable action. IAF, Tab 3 at 1. She apprised him of his burden of proving jurisdiction over his appeal and ordered him to file evidence on the jurisdictional issue. *Id.* at 2. In response, the appellant alleged that he has remained in a leave without pay (LWOP) status, has taken annual and sick leave, and was denied holiday pay. As proof, he submitted pay stubs for pay periods 23 of 2015, and 22 and 23 of 2016, covering October 17 through 30, 2015, and October 15 through November 11, 2016. IAF, Tab 5 at 4, 26, Tab 9 at 1, 4; 2016 Pay Dates and Leave Year, Postal Bulletin 22429 (Nov. 26, 2015), https://about.usps.com/postal-bulletin/2015/pb22429/html/info_001.htm (last visited Aug. 25, 2022) (2016 Pay Dates); 2015 Pay Dates and Leave Year, Postal Bulletin 22403 (Nov. 27, 2014), https://about.usps.com/postal-bulletin/2014/pb22403/html/info_001.htm (last visited Aug. 25, 2022) (2015 Pay Dates).[2] He also submitted, among other things, documentation concerning his request for a reasonable accommodation in 2016, his claims for workers' compensation benefits that were denied in 2011 and 2016, the former Postmaster's apology to Port Chester letter carriers for the workplace climate in August 2016, customer complaints in 2015, a letter of warning in 2013 that was based partly on his conduct towards the former Postmaster, his grievance of the letter of warning that was denied in 2013, his off-duty arrest in 2012, and an arbitration decision in 2000 that mitigated a 7-day suspension to a 3-day suspension. IAF, Tab 5 at 8-9, 11-12, 14-16, 18-23, 27-29, 31-35, Tab 9 at 3.

---

[2] Pursuant to 5 C.F.R. § 1201.64, we take official notice of the time periods covered by these pay periods.

The agency replied to the appellant's response and moved to dismiss the appeal for lack of jurisdiction.  IAF, Tab 11 at 4-11.

¶5      Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID) at 2, 4.  In particular, she found that the record was devoid of evidence that, as of the date the appellant filed his appeal, he was suspended for more than 14 days.  ID at 4.  She further found that the appellant's allegations regarding stale claims, a reasonable accommodation request, a denial of holiday pay, and mistreatment by the current and former Postmasters failed to list any action within the Board's jurisdiction.  ID at 2-3.  She concluded that the appellant failed to raise a nonfrivolous claim that he was suspended in excess of 14 days or otherwise was subjected to an appealable adverse action.  ID at 4.  One day after the issuance of the initial decision, the appellant filed a response to the agency's motion to dismiss.[3]  IAF, Tabs 13-14.

¶6      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response to his petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to make a nonfrivolous allegation of the Board's jurisdiction over his appeal.

¶7      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  A suspension for more than 14 days is an appealable action.  5 U.S.C. §§ 7512(2), 7513(d); *Abbott v.*

---

[3] Because the Board could not locate the appellant's response to the agency's motion to dismiss, the Clerk of the Board directed the agency to submit its copy of the pleading on review.  Petition for Review (PFR) File, Tab 4.  The agency submitted its copy of the appellant's pleading, which we have included in the official record.  PFR File, Tab 5; IAF, Tab 14.  The appellant has not filed any comment on the missing pleading as submitted by the agency.  In reaching our decision, we have considered the appellant's response to the agency's motion, which was filed only 1 day after the issuance of the initial decision.  *See* 5 C.F.R. § 1201.59(c)(2).

*U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014).  A "suspension" is the temporary placement of an employee in a nonpay, nonduty status.  5 U.S.C. §§ 7501(2), 7511(a)(2); *Abbott*, 121 M.S.P.R. 294, ¶ 6.  The appellant bears the burden of proving the Board's jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  Generally, an appellant is entitled to a jurisdictional hearing if he raises a nonfrivolous allegation[4] of the Board's jurisdiction over his appeal.  *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013).

¶8      Here, it is undisputed that the appellant was placed in a nonpay, nonduty status on October 20, 2016, and he filed his appeal on October 25, 2016.[5]  IAF, Tab 1 at 17, Tab 11 at 16.  Moreover, the agency did not reschedule the appellant's medical examination until after he filed his appeal.  IAF, Tab 11 at 15.  As properly noted by the administrative judge, the Board's jurisdiction is determined by the nature of an agency's action against an appellant at the time his appeal is filed.  *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 10 (2010); ID at 3.  When the appellant filed his appeal, he had been suspended for only 6 days, which is not an appealable action.  *See Lefavor*, 115 M.S.P.R. 120, ¶ 5 (recognizing that a suspension of 14 days or less is not an appealable action).  Therefore, we agree with the administrative judge's finding that the appellant failed to raise a nonfrivolous claim that he was suspended for more than 14 days.  ID at 4.

¶9      In addition, we agree with the administrative judge's findings that the appellant's claims made in response to the Order to Show Cause failed to list any

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

[5] The appellant mailed his initial Board appeal on October 25, 2016, to the Office of the Clerk of the Board, which then forwarded his appeal to the Board's New York Field Office.  IAF, Tab 1 at 17-18.  A pleading submitted by mail generally is considered filed on the postmark date, even when submitted to the wrong Board office.  *Branch v. Department of the Army*, 110 M.S.P.R. 663, ¶¶ 6-7 (2009); 5 C.F.R. § 1201.4(*l*).  Thus, we find that the filing date of the appellant's initial appeal is the October 25, 2016 postmark date contained on his mailing to the Clerk of the Board.  IAF, Tab 1 at 17.

action within the Board's jurisdiction and that he failed to raise a nonfrivolous claim that he was subjected to an appealable adverse action. ID at 2-4; IAF, Tabs 5, 9; *see Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (stating that the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action); *Marks v. U.S. Postal Service*, 78 M.S.P.R. 451, 454 (1998) (finding that the Board lacked jurisdiction over an appeal of a letter of warning or a suspension of 14 days or less), *overruled on other grounds by Abbott*, 121 M.S.P.R. 294; *Lee v. Department of Labor*, 76 M.S.P.R. 142, 146 (1997) (finding that the Board lacks jurisdiction to review decisions of the Office of Workers' Compensation Programs regarding an employee's entitlement to workers' compensation benefits); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). To the extent the appellant attempted to appeal the grievance decision concerning a letter of warning and the arbitration decision concerning a 7-day suspension, we find that Postal Service employees may not request Board review of such decisions because 5 U.S.C. § 7121 does not apply to the Postal Service. IAF, Tab 5 at 22, 32-34; *see Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558, ¶ 4 (2008).

¶10    For the following reasons, we find that the arguments raised in the appellant's petition for review fail to provide a reason to disturb the initial decision. Specifically, he disputes the administrative judge's finding that he had a confrontation with the Postmaster before his placement in an emergency off-duty status without pay. PFR File, Tab 1 at 1; ID at 2, 4. However, the appellant has not described how any factual error in that regard is material to the dispositive jurisdictional issue in his appeal or is of sufficient weight to warrant a different outcome. *See* 5 C.F.R. § 1201.115(a)(1). Next, he asserts that he was denied a hearing. PFR File, Tab 1 at 1. We note that he did not request a hearing below. *See* 5 C.F.R. § 1201.24(e) (explaining that the right to a hearing before

the Board is waived if an appellant fails to timely request a hearing). In any event, we find that he is not entitled to a jurisdictional hearing because he has failed to raise a nonfrivolous allegation of the Board's jurisdiction over his appeal. *See Edwards*, 120 M.S.P.R. 307, ¶ 6.

¶11    Additionally, the appellant asserts that the administrative judge erroneously separated from his appeal the March 20 "false [confrontation] charge" involving the former Postmaster. PFR File, Tab 1 at 1. It appears that he is referring to his allegation that his claim for workers' compensation benefits, based on a March 20, 2015 injury, was denied because the former Postmaster submitted a "false" challenge letter. IAF, Tab 5 at 1, 8-9, 15-17, 23, Tab 9 at 1, 5. He further contends on review that the administrative judge failed to investigate why the former Postmaster was relieved of her duty for mistreating employees and violating their rights. PFR File, Tab 1 at 1; IAF, Tab 5 at 2, 10, 12. We find that the administrative judge did not separate any of the appellant's claims from the instant appeal and did not have an obligation to investigate his claims. *See Moody v. Department of the Air Force*, 30 M.S.P.R. 9, 11 (1985) (explaining that the Board does not solicit, investigate, or prosecute appeals, and it is the parties' obligation to create the record upon which the Board will adjudicate the appeal). As described above, the administrative judge acknowledged the appellant's allegation that he was mistreated by the former Postmaster and found that he failed to list any action within the Board's jurisdiction or make a nonfrivolous claim of an appealable adverse action. ID at 2-4. Based on our review of the record, we find no reason to disturb that finding.

¶12    Further, the appellant argues that the administrative judge failed to admit his rebuttal to the agency's motion to dismiss. PFR File, Tab 1 at 2. As explained *supra* n.3, the rebuttal has been included in the record. After considering the appellant's rebuttal on review, we find that it presents no reason to disturb the initial decision. In his rebuttal, the appellant alleged that he did not receive paperwork informing him that his suspension had ended and that his pay

stubs show that he was suspended for 6 weeks. IAF, Tab 14 at 1. He also responded on the merits of his claims, including his allegation that he suffered compensable work injuries. *Id.* at 1-4. We find that these assertions fail to raise a nonfrivolous allegation of jurisdiction. In particular, his submission of pay stubs for pay periods 23 of 2015, and 22 and 23 of 2016, does not support a finding that, when he filed his appeal on October 25, 2016, he had been suspended for more than 14 days.[6] IAF, Tab 1 at 17, Tab 5 at 26, Tab 9 at 4. The appellant reiterates on review his assertion that he was suspended for 6 weeks. PFR File, Tab 1 at 2. In addition, for the first time on review, he claims that he has over 800 hours of missing pay, but he does not specify from which time periods he is missing pay.[7] *Id.* We find that these assertions, without more, fail to nonfrivolously allege the Board's jurisdiction over his appeal at the time he filed his appeal.

¶13    Next, the appellant claims that the Board is "getting revenge for the 2013-2014 decision to grant [him] back pay" because "it has denied all [his] charge[s]" since then. *Id.* It is unclear to which decision the appellant is

---

[6] The appellant's pay stub for pay period 23 of 2015 shows that, from October 17 to 30, 2015, he worked 15.15 hours and 0.56 hours of overtime, and he took 8.85 hours of annual leave and 56 hours of LWOP. IAF, Tab 5 at 26; 2015 Pay Dates. To the extent he is arguing that he was suspended in pay period 23 of 2015, we find that he has failed to nonfrivolously allege that he was suspended for more than 14 days. We further find that there is no basis upon which to combine such an alleged suspension with the 6-day suspension in 2016 at issue in this appeal when the suspensions are nonconsecutive and the circumstances surrounding his LWOP status in October 2015, are unclear. *See Edwards v. U.S. Postal Service*, 112 M.S.P.R. 196, ¶¶ 7-8 (2009) (recognizing that, although there exists no precedent for combining nonconsecutive suspensions for purposes of finding Board jurisdiction, the Board has left open the possibility that nonconsecutive suspensions may be combined when they are based on the same reason and there is evidence that the agency attempted to circumvent Board jurisdiction by imposing multiple suspensions of 14 days or less).

[7] To the extent the appellant is referring to the sum of the cumulative amounts of LWOP and annual and sick leave taken in 2015 and 2016 as reflected in his pay stubs in the record, we note that the cumulative amounts in pay period 23 of 2016 already include the amounts in pay period 22 of 2016. IAF, Tab 5 at 26, Tab 9 at 4. Nevertheless, his cumulative amounts of leave do not provide a reason to disturb the initial decision.

referring; however, we note that the Board has dismissed all of his prior Board appeals. MSPB Docket No. NY-752S-16-0232-I-1, Final Order at 1-2 (Sept. 22, 2016) (affirming the initial decision that dismissed his appeal for lack of jurisdiction); MSPB Docket No. NY-3443-16-0181-I-1, Initial Decision at 1-2 (Mar. 25, 2016) (dismissing the appeal as withdrawn); MSPB Docket No. NY-0752-15-0248-C-1, Compliance Initial Decision at 1-2 (Nov. 9, 2015) (dismissing the petition for enforcement as withdrawn); MSPB Docket No. NY-0752-15-0248-I-1, Initial Decision at 2-3 (Aug. 19, 2015) (dismissing the appeal as settled); MSPB Docket No. NY-0752-14-0166-I-1, Initial Decision at 2, 5 (May 5, 2014) (dismissing the appeal for lack of jurisdiction). To the extent the appellant is asserting retaliation for filing a prior Board appeal, we note that prohibited personnel practices are not an independent source of Board jurisdiction, *Wren*, 2 M.S.P.R. at 2, and Postal Service employees may not file an individual right of action (IRA) appeal because they are not covered under the Whistleblower Protection Act, 5 U.S.C. § 2302(a)(2)(C); *Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002).[8]

¶14     Moreover, the appellant asserts that the administrative judge allowed the agency representative to mistreat him and that both the administrative judge and the agency representative took management's side. PFR File, Tab 1 at 2. We find that these broad allegations of bias are insufficient to rebut the presumption of the administrative judge's honesty and integrity. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (observing that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators). Further, the Board will not infer bias based on an administrative

---

[8] Although this appeal was filed after the effective date of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, we find nothing in the Act that would permit a Postal Service employee to file an IRA appeal.

judge's case-related rulings.  *Vaughn v. Department of the Treasury*, [119 M.S.P.R. 605](), ¶ 18 (2013).

¶15        Finally, the appellant requests the Board to combine all of his cases and to determine why the agency and the union have not rendered a decision on his claims involving the issues of "back pay, false charges, and denied medical care" on March 20 and October 20, 2016.  PFR File, Tab 1 at 2.  To the extent the appellant is requesting the Board to combine any ongoing equal employment opportunity complaint, claim for workers' compensation benefits, or grievance with his Board appeal, we decline his request because we do not have such authority.  IAF, Tab 5 at 36, Tab 14 at 4; *see* [5 U.S.C. § 1204](a).  Alternatively, if he is requesting the Board to reopen and to join his prior Board appeals with this case, we deny his request because the circumstances do not warrant doing so.  *See, e.g.*, *Metallo v. Department of Defense*, [110 M.S.P.R. 229](), ¶¶ 15-17 (2008) (denying the appellant's request to reopen and to join her appeals).  Moreover, we decline to investigate the agency and the union because the Board does not have investigative authority.  *See Moody*, 30 M.S.P.R. at 11.

¶16        Accordingly, we affirm the administrative judge's decision to dismiss this appeal for lack of jurisdiction.

We forward to the field office for docketing as a new appeal the appellant's claim that he has been suspended for more than 14 days since the time that he filed the instant appeal.

¶17        The appellant submitted below pay stubs for pay periods 22 and 23 of 2016 showing that, from October 15 to 28, 2016, he worked 18.46 hours and 2.69 hours of overtime, and he took 61.54 hours of LWOP, and that, from October 29 to November 11, 2016, he took 76 hours of LWOP and 4 hours of sick leave.  IAF, Tab 5 at 26, Tab 9 at 4; 2016 Pay Dates.  The administrative judge and the agency did not address these hours of LWOP and sick leave.  Moreover, the appellant submitted below a letter in which the agency scheduled a meeting on November 22, 2016, to discuss his reasonable accommodation request, IAF, Tab 9

at 3, and he has alleged that he was suspended for 6 weeks, he did not receive written notification that his suspension had ended, and he has over 800 hours of missing pay, PFR File, Tab 1 at 2; IAF, Tab 14 at 1.  We find that his allegations, when viewed in light of the aforementioned evidence, constitute a claim that, since the time that he filed the instant appeal, he might have been suspended for more than 14 days.  *See Abbott*, 121 M.S.P.R. 294, ¶ 6 (finding that a suspension covers both unpaid absences and an employee's placement on sick or annual leave against his will).  In order to adjudicate the appellant's claim, we forward the matter to the Board's New York Field Office for docketing as a new appeal.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.